By the Court,

Bronson, J.
That the attachment did not defeat the vendor’s right to stop the goods, was decided when the parties were before the court on a former occasion (15 Wendell, 137). The assignment which the defendants now offered to prove, stands on the same footing.
The only new question arrising on this bill of exceptions, is that growing out of the fact that one wagon load of the iron had arrived at Titusville and. been delivered to the vendee before the plaintiff intercepted the residue. I see no reason why this should be deemed a delivery of all the iron, so as to destroy the right of stopping another parcel which was still on the way between the vendor and the vendee. Although the property was all ordered at one time and forwarded by one conveyance, it was separated on the journey; and from that time the vendor was, I think, at liberty to arrest any parcel of the property before.the transitus as to such parcel was at an end. The cases on which the defendants rely are distinguishable from the one at bar. In Shibey v. Heyward (2 H. Black, 504), the whole of the property arrived at the port of delivery, the consignees made a entry of the cargo at the custom house, and actually removed a part of it from the ship before the consignor attempted to stop the goods. He was then too late. In Hammond v. Henderson (4 Bos. & Pul. 69), the vendor and vendee both lived in the same town, and the goods lay at the wharf of a third person. The vendee, having received an order for the delivery of the property, went to the wharf, weighed the whole and took away a part, and it was held that the vendor had then no right to stop the residue. In each of these cases there was what Lord Eilenborough, C. J., in Hanson v. Meyer (6 East, 614), called “an unequivocal act of possession and ownership as to the whole [506] quantity sold on the part of the buyer,” before the vendor attempted to exercise the right of stopping the goods. In the case at bar there had been no such act on the part of the vendee as to the 4t bars of iron in question.' The case of Hanson v. Meyer, is an authority for saying, that a part of a quantity of goods purchased at one time and in one parcel, may be stopped by the vendor, notwithstanding the fact that another portion of the goods have been actually'delivered to the vendee. The plaintiff is entitled to judgment on the verdict.
Hew trial denied.